IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICOLETTE UTTER, Administrator of  )
the Estate of CHRISTOPHER UTTER,    )
                                     )
           Plaintiff,                )
                                     )
v.                                   )   Case No. 11-2360-KHV
                                     )
DALLAS THOMPSON, et al.,             )
                                     )
           Defendants.               )
                                     )

**MEMORANDUM AND ORDER**

This matter is before the court on the following motions:

1. Plaintiff's First Motion to Compel (Doc. 95);

2. Plaintiff's Motion to Quash Subpoena (Doc.102);

3. Plaintiff's Second Motion to Compel (Doc. 103); and

4. Defendants' Motion to Compel Discovery (Doc. 104).

The rulings are set forth below.

**Background**

This is an action to recover damages for the alleged use of excessive force that resulted in the death of Christopher Utter. Highly summarized, plaintiff alleges that on June 27, 2009 a private citizen reported to police that a driver in a car appeared to be sleeping or

unresponsive at a stop sign at a street intersection in Kansas City, Kansas. Officers Thompson and Seal were dispatched to the location and approached the car. Christopher Utter, the driver of the car, appeared to be asleep and the officers attempted to wake him.[1] After banging on the window several times, Utter awoke and drove away from the officers, eventually turning down a one-way street and driving the wrong direction. Officers Thompson and Seal, in separate patrol cars, pursued Utter and attempted to stop the fleeing car by using their patrol cars to block Utter from driving forward or backward. Officer Thompson positioned his car in front of Utter's path, exited his vehicle and approached Utter with his gun drawn. Officer Seal attempted to position his car behind Utter to prevent Utter from escaping.

Officer Thompson fired two shots and killed Utter.[2] Plaintiff alleges that Officer Thompson used excessive force in violation of the Fourth and Fourteenth Amendment and that the remaining defendants are liable for damages based on their policies, procedures, practices or customs.

---

[1] Although the allegations in the complaint are not entirely clear, the inference is that Utter was under the influence of alcohol and had passed out.

[2] The details and circumstances concerning Thompson's discharge of his weapon are highly disputed. Plaintiff asserts that the use of deadly force was unnecessary and inappropriate because Thompson and Seal were not in danger of being harmed by Utter's vehicle. Defendants contend Thompson was reasonably justified in firing his weapon because Utter shifted his car into reverse and Thompson and others were in danger of being severely injured or killed when Utter began driving backwards. Defendants have also suggested that Utter was "baiting" the officers and seeking "suicide-by-cop." These factual issues are yet to be resolved and are provided only for context.

**Plaintiff's First Motion to Compel (Doc. 95)**

Plaintiff served defendants with a production request seeking all documents relating to every complaint alleging excessive force against the Police Department for the five year period before Utter's death. Defendants object to the discovery request, arguing that the request is overly broad and unduly burdensome. Specifically, defendants assert that 97 complaints of excessive force were investigated during this time period and that plaintiff should be limited to discovery of those events involving "officer-involved shootings into any moving vehicle." Defendants have produced the documents related to ten "officer-involved shootings into moving vehicles." Plaintiff moves to compel.

The court is satisfied that plaintiff's production request is reasonably calculated to lead to the discovery of evidence concerning the policies, procedures, practices or customs of the Kansas City, Kansas Police Department. Because the requested information is relevant, defendants carry the burden of supporting their objections to production. With respect to the 97 investigative files, defendants have not shown that production is unduly burdensome because the files have been gathered and are available for review. Similarly, defendants have not shown that the request is overly broad. The 97 files shall be produced for plaintiff's review and copying without further delay.

The more difficult question concerns complaints of excessive force that were ***not*** investigated. Prior to April 1, 2008, defendants apparently did not investigate all "non-

shooting" excessive force complaints against police officers.[3] Some investigations of minor complaints classified as "Other Contacts" were delayed until the underlying criminal charge was resolved. After April 1, 2008, <u>all</u> excessive force complaints have been investigated. Because this change in policy occurred more than a year before the shooting in this case, the court will not require defendants to search for and produce "non-shooting" excessive force complaints prior to April 1, 2008.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 95)** shall be **GRANTED IN PART.** Defendants shall produce the 97 investigation files by **December 11, 2012.**

### Plaintiff's Motion To Quash Business Record Subpoena (Doc. 102)

Defendants served notice of their intent to issue a business records subpoena to Academy Bank concerning any checking or savings accounts held by Christopher Utter and/or Nicolette Utter for the years 2005-2009. Plaintiff moves to quash, arguing the subpoena is harassment and that "defendants will be invading the couple's privacy." At a minimum, plaintiff asks the court to review the bank records *in camera.*

Plaintiff seeks damages for "the loss of income, filial care, attention, services, guidance, advice care and companionship." Amended Complaint, Doc. 34, paragraph 53(c).

---

[3] Defendants did conduct investigations in all officer-involved shootings.

Therefore, discovery requests seeking information concerning Christopher's income and the financial contributions Christopher provided to his family are relevant and within the scope of discovery. Given the nature of plaintiff's requested damages, the objection that defendants' request is "harassment" and an invasion of the couple's privacy is rejected. The court declines plaintiff's invitation to conduct an *in camera* review of the subpoenaed records and plaintiff's motion to quash shall be DENIED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to quash **(Doc. 102)** is **DENIED**. Defendants shall serve their records subpoena by **December 5, 2012.**

### Plaintiff's Second Motion to Compel (Doc. 103)

Plaintiff's second motion to compel seeks a complete answer to Interrogatory No. 17 and documents responsive to Production Request No. 21. Interrogatory No. 17 asks defendants to "identify all citizen complaints, complaints, notices, and/or other complaints related to KCK Police Department shootings within the last five years" and to identify "all logs, analysis, and/or other documents reflecting the number of KCK police shootings within the last five years." As noted above, the court granted plaintiff's motion to compel production of all documents related to the 97 officer involved shootings during the past five years. Accordingly, the request to compel a complete answer to Interrogatory No. 17 is unnecessarily cumulative and duplicative under Fed. R. Civ. P. 26(b)(2) and DENIED.

Production Request No. 21 seeks "any and all documents relating to any psychological

testing or screening of any kind performed on any of Officer Dallas Thompson Officers during his employment with the Department." It is readily apparent that this request is vague and confusing. Nevertheless, the parties' briefs interpret the request as one for documents concerning only Officer Thompson. For this reason, the court will adopt counsel's interpretation for purposes of this analysis.

Defendants and plaintiff both cite and argue about the application of K.S.A. 74-5223, a Kansas statute that apparently does not exist. If the parties' arguments concern ***K.S.A. 74-5323***, they shall cite the correct statute in a renewed motion to compel. More importantly, defendants have neither provided a privilege log that properly identifies the documents that are being withheld nor done so in a manner that permits the court to evaluate whether the claimed privilege applies as required by Fed. R. Civ. P. 26(b)(5). The circumstances of the psychological testing or screening are significant because some psychological information may be subject to disclosure while other information may be protected. See, e.g., Estate of Turnbow v. Ogden City, 254 F.R.D. 434 (D. Utah 2008)(pre-employment tests discoverable; however, mental health counseling following the shooting not discoverable). Defendants shall prepare and serve a privilege log and plaintiff will have a brief opportunity to refile her motion to compel.

**IT IS THEREFORE ORDERED** that plaintiff's second motion to compel **(Doc. 103)** is **DENIED.** Specifically, plaintiff's request to compel a complete answer to Interrogatory No. 17 is **DENIED.** Plaintiff's request to compel Production Request No. 21 is **DENIED WITHOUT PREJUDICE** to refiling if necessary.

**IT IS FURTHER ORDERED THAT** defendants shall prepare and serve plaintiff with a privilege log by **December 5, 2012.**[4]

### Defendants' Motion to Compel (Doc. 104)

Defendants move to compel plaintiff to provide complete responses to Interrogatory No. 4 and Request for Production Nos. 3, 18, 27-28, 34, and 47. Rulings on the individual discovery requests are set forth below.

**Interrogatory No. 4 and Production Request No. 3**

Interrogatory No. 4 asked plaintiff to list all health care providers and treatment provided to Christopher Utter during the ten years preceding his death. Product Request No. 3 asked plaintiff to execute releases that will allow defendants to gather health care information from those providing treatment to Christopher during that ten year period. Plaintiff objected that this request was overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, plaintiff provided "medical record authorizations" for Providence Medical Center and Walgreens. Defendants move to compel, arguing that the "record authorizations" are inadequate because the releases do not include mental health or substance abuse records. In response to the motion to compel, plaintiff asserts that the information concerning

---

[4] Defendants shall specify the specific entity or individual claiming the privilege. A generic reference to "defendants" is not sufficient.

Christopher's mental health and substance abuse treatment is not relevant and therefore the request is overly broad.[5]

Plaintiff's relevance objection is not persuasive. In the context of discovery, "relevance" is broadly construed and information is considered relevant if it is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff placed Christopher's mental health in issue by seeking damages for "fear, anxiety, emotional distress, and anguish prior to his death." Accordingly, information concerning Christopher's mental health and substance abuse is relevant in the context of damage claims and defendants' motion to compel a complete answer to Interrogatory No. 4 and Production Request No. 3 shall be GRANTED.[6] Plaintiff shall provide the requested information and/or execute an authorization allowing defendant to gather the requested information by **December 5, 2012.**

**Production Request Nos. 18 and 47**

Production Request Nos. 18 and 47 seek documents reflecting communications between Nicolette and Christopher Utter before his death. Although plaintiff believes such

---

[5] Plaintiff also objects that answering the interrogatory would be unduly burdensome. However, plaintiff proffers no evidence or support for her assertion that providing the information or a more comprehensive release is "unduly" burdensome. Accordingly, this objection is summarily rejected.

[6] Plaintiff argues that Christopher's mental health and substance abuse history is not relevant based on a motion in limine ruling by Judge Vratil in Cooley v. Rains, 2003 WL 827499 (D. Kan. March 3, 2003). Cooley dealt with issues of admissibility under Fed. R. Evid. 404 (character evidence) and does not address mental health or substance abuse records in the context of a party's claim for damages.

communications are protected by the marital privilege, plaintiff recently produced those documents in a supplemental response. Accordingly, the motion to compel Production Request Nos. 18 and 47 is MOOT.

**Production Request No. 27**

Production Request No. 27 seeks all bank statements for any accounts "held by Christopher Utter or jointly by Christopher Utter and any third party for the years 2003 through 2009." Although the parties debate the relevance of this request, the request to compel Production Request No. 27 shall be DENIED. Plaintiff's response to Production Request No. 27 unequivocally states that "plaintiff does not have any documents responsive to this request." Doc. 104-2, p. 10.

**Production Request No. 28**

Production Request No. 28 seeks all documents relating to any credit cards held by Christopher Utter individually or jointly with any third party from 2003 to 2009. Defendants contend that the information may lead to the discovery of evidence concerning the support provided by Christopher to his family. Plaintiff argues that the request is overly broad on its face and not reasonably calculated to lead to admissible evidence.

The motion to compel this production request shall be DENIED under Fed. R. Civ. P. 26(b)(2)(C) because the request is (1) unreasonably cumulative or duplicative and (2) the burden of the proposed discovery outweighs its benefits, given the needs of the case.

**Production Request No. 34**

Production Request No. 34 seeks documentation relating to any prescription medication taken by Christopher from 2003 to 2009 or, in the alternative, a release which will enable defendants to obtain such documentation. Plaintiff objected that this request was overly broad, not limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. However, plaintiff also stated "subject to and without waiving the objection, ***plaintiff has provided defendants with a medical authorization to obtain his prescriptions.***" Doc. 104-2, p. 12 (emphasis added).

Although plaintiff's supplementary response states that she has provided defendants with a medical authorization to obtain Christopher's prescriptions, defendants argue the plaintiff's authorization was narrowly drafted and has not allowed defendants to gather the prescription information. Plaintiff does not discuss her representation that authorizations would be provided but instead argues that Production Request No. 34 is overly broad and vague.

Plaintiff's objections to the motion are summarily rejected. Plaintiff stated in her response to the production request that "plaintiff will provide defendants with an authorization to obtain his prescription medications." In her supplemental response, plaintiff stated she "has provided defendants with a medical authorization to obtain his prescriptions." Plaintiff is bound by her representations and the court will not entertain her objections and excuses for failure to provide an authorization to allow defendants to secure Christopher's prescriptions from health care providers. Accordingly, defendants' motion to compel

Production Request No. 34 is GRANTED. Plaintiff shall produce the prescription documents or execute the necessary authorizations by **December 5, 2012.**

**IT IS THEREFORE ORDERED** that defendants' motion to compel (**Doc. 104**) is **GRANTED IN PART** and **DENIED IN PART**, consistent with the rulings herein.

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 27th day of November 2012.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge