# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NICOLETTE UTTER, Administrator of )
the Estate of CHRISTOPHER UTTER, )
                                  )
            Plaintiff,            )
                                  )
v.                                )   Case No. 11-2360-KHV
                                  )
DALLAS THOMPSON, et al.,          )
                                  )
            Defendants.           )
                                  )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel production of defendant Thompson's psychological records. (Doc. 140). For the reasons set forth below, the motion shall be GRANTED IN PART and DENIED IN PART.

## Background

This is an action to recover damages for the alleged use of excessive force which resulted in the death of Christopher Utter. Highly summarized, plaintiff alleges that on June 27, 2009 a private citizen reported to police that a driver appeared to be sleeping or unresponsive in a vehicle at an intersection in Kansas City, Kansas. Officers Thompson and Seal were dispatched to the location and approached the car. Christopher Utter, the driver

of the car, appeared to be asleep and the officers attempted to wake him.[1] After banging on the window several times, Utter awoke and drove away from the officers, eventually turning down a one-way street and driving the wrong direction. Driving separate patrol cars, Officers Thompson and Seal pursued Utter and attempted to stop his car by using their patrol cars to block him from driving forward or backward. Officer Thompson positioned his car in front of Utter's path, exited his vehicle, and approached Utter with his gun drawn. Officer Seal attempted to position his car behind Utter to prevent Utter from escaping.

Officer Thompson fired two shots and killed Utter.[2] Plaintiff alleges that Officer Thompson used excessive force in violation of the Fourth and Fourteenth Amendment and that the remaining defendants are liable for damages based on their policies, procedures, practices or customs.

## Plaintiff's Motion to Compel (Doc. 140)

Plaintiff moves to compel production of two psychological reports concerning Officer

---

[1] Although the allegations in the complaint are not entirely clear, the inference is that Utter was under the influence of alcohol and had passed out.

[2] The details and circumstances concerning Thompson's discharge of his weapon are highly disputed. Plaintiff asserts that the use of deadly force was unnecessary and inappropriate because Thompson and Seal were not in danger of being harmed by Utter's vehicle. Defendants contend Thompson was reasonably justified in firing his weapon because Utter shifted his car into reverse, placing Thompson and others in danger of being severely injured or killed when Utter began driving backwards. Defendants have also suggested that Utter was "baiting" the officers and seeking "suicide-by-cop." These factual issues are yet to be resolved and are provided only for context.

Thompson, arguing that the reports are relevant and not protected by any privilege. Defendants contend that the reports are irrelevant and privileged. The court has conducted an *in camera* review of the two reports in question and, for the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

The first report is a May 22, 2007 pre-employment mental health evaluation by Dr. Roy Davis of Officer Thompson, a job applicant. Dr. Roy Davis is a psychologist who provides services to the Kansas City, Kansas Police Department. The four-page report summarizes various assessment tests and the doctor's interview with the applicant and provides an employment recommendation to the police department concerning Thompson. The second disputed document is a July 30, 2009 report by Dr. Davis which was prepared shortly after the June 27, 2009 shooting. Thompson was referred to Dr. Davis for (1) a "Critical Incident Stress Debriefing" pertaining to the shooting and (2) an assessment of Thompson's ability to return to full duty. The report reveals that Dr. Davis conducted three counseling sessions with Thompson before recommending that he be returned to active duty on July 30, 2009.

With respect to the pre-employment evaluation, the court is satisfied that the requested record is relevant because it is reasonably calculated to lead to the discovery of admissible evidence regarding whether Thompson was prone to use excessive force and whether the police department was aware of that propensity. Moreover, contrary to defendants' privilege argument, the pre-employment evaluation is not protected in this case by the psychotherapist-patient privilege described in Jaffee v. Redmond, 518 U.S. 1 (1996).

The psychotherapist-patient privilege recognized in Jaffee concerned statements by an officer made to her therapist following a shooting incident during the course of fifty counseling sessions. Concluding that successful ***treatment*** requires a confidential relationship where the patient is willing to provide frank and complete disclosure of facts, emotions, memories, and fears, the Supreme Court held that

> confidential communications between a licensed psychotherapist and her ***patients in the course of diagnosis or treatment*** are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence.

Jaffee, 518 at 15. Thompson's pre-employment interview with Dr. Davis was in the context of the police department's hiring evaluation, not in the context of treatment. Under the circumstances, the Jaffee psychotherapist-privilege simply does not apply.

Defendants also argue that pre-employment psychological evaluations maintained by a police department are protected from disclosure because of "substantive due process privacy interests." Mason v. Stock, 869 F. Supp. 828 (D. Kan. 1994)(citing Whalen v. Roe, 429 U.S. 589 (1977) and Nixon v. Administrator of General Services, 433 U.S. 425 (1977). In Mason, Judge Belot applied the "Colorado test" for determining whether information contained in police and other governmental files is "of such a highly personal or sensitive nature that it falls within the zone of confidentiality." Id. at 834 (citing Flanagan v. Munger, 890 F.2d 1557, 1670 (10th Cir. 1989). Under the Colorado test, the court must consider whether: (1) the party asserting the right has a legitimate expectation of privacy, (2) disclosure serves a compelling state interest, and (3) disclosure can be made in the least intrusive manner. Id.

Assuming, without deciding, that the "Colorado test" remains good law in the Tenth Circuit, the court concludes that Thompson had no reasonable expectation of privacy concerning his pre-employment interview and Dr. Davis' 2007 report to the Kansas City police department.[3] Clearly, Thompson knew that the preemployment information he disclosed would be shared with and considered by the police department in making an employment decision. Moreover, disclosure serves a compelling state interest because privileges are narrowly, not expansively construed. Hill v. Sandhu, 129 F.R.D. 548, 550 (D. Kan. 1990). Finally, disclosure shall be made in the least intrusive manner and limited to plaintiff's counsel pending further order of the court. Counsel shall confer and submit a proposed protective order concerning any further disclosure of the report.

The post-shooting report by Dr. Davis contains both treatment information and an assessment of Thompson's fitness for duty. The first two pages of the document describe the counseling and treatment provided by Dr. Davis to Thompson and this material is protected by the psychotherapist-patient privilege recognized in Jaffe. Plaintiff's contention that the privilege was somehow waived by the police department's possession of this report is not persuasive. The privilege belongs to Thompson and there is no evidence or indication that Dr. Davis had the authority to waive the privilege and disclose the details of Thompson's private counseling to the police department. There is also no indication that Thompson

---

[3] Research reveals no substantive discussion of the "Colorado test" concerning the disclosure of a police officers' employment records in the Tenth Circuit following Judge Belot's 1994 ruling in Mason.

voluntarily waived his privilege.  Under the circumstances, the first two pages of the report are protected by the psychotherapist-patient privilege and shall not be disclosed.[4]

The concluding paragraph of the report provides a "Summary and Recommendation" that Thompson should be returned to active duty.  The doctor's recommendation of fitness for duty is not protected by any privilege and shall be disclosed by defendants to plaintiff.  Defendants shall make the appropriate redactions to the first two pages of the July 30, 2009 report before it is disclosed.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 140)** is **GRANTED IN PART** and **DENIED IN PART**, consistent with the rulings herein.  Defendant shall produce the material consistent with this opinion on or before **March 15, 2013** and the parties shall submit a protective order concerning the May 22, 2007 report by **March 15, 2013.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged.  The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been

---

[4] As a practical matter, the first two pages of the report contain information concerning Thompson's treatment and counseling, not his perceptions at the time of the shooting as plaintiff speculates.  However, because the information is protected from disclosure by the psychologist-patient privilege, the court will not engage in a relevance analysis.

obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 7th day of March 2013.

> S/ Karen M. Humphreys
> KAREN M. HUMPHREYS
> United States Magistrate Judge