**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| NICOLETTE UTTER, Administrator of the Estate of CHRISTOPHER UTTER,<br><br>        Plaintiff,<br><br>v.<br><br>DALLAS THOMPSON, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)        Case No. 11-2360-KHV<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion for sanctions and an expedited hearing.  (Doc. 143).  The request for an expedited hearing is moot because the court conducted a status conference concerning the discovery dispute on January 22, 2013.  For the reasons set forth below, the request for sanctions shall be GRANTED IN PART.

Plaintiff moved to compel (Doc. 95) production of all documents relating to complaints of excessive force against the Kansas City, Kansas police department.  The motion was granted in part based on defendants' representation that there "are 97 incidents, each of which has a file that is hundreds to thousands of pages long."  See Memorandum and Order, Doc. 128, p. 3-4 and Defendants' Response, Doc. 112, p. 5.  The court ordered the files produced by December 11, 2012.

Defendants produced a disc containing various records and plaintiff noted

discrepancies in the number and type of excessive force "files" produced.  As noted above, plaintiff asks that defendants be sanctioned for failure to comply with the court's order. (Doc. 143).  In their response brief and statements during the January 22, 2013 hearing, defendants explain that their earlier reference to 97 files was incorrect and that records of excessive force complaints are scattered throughout the police department records system. Defendants belatedly conducted a search of the various records and believe they have now produced documents consistent with the court's November 27 Order.

Plaintiff contends that defendants did not timely comply with the court's earlier order of production and that sanctions should be imposed, including (1) an order establishing the municipality's liability as a matter of law, (2) an order prohibiting defendants from presenting evidence opposing liability, (3) an order striking defendants' pleadings, or (4) an order striking defendants' experts.  The court is not persuaded that sanctions of the type suggested by plaintiff are appropriate in this case.  See, Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992)(dispositive sanctions are harsh and the court should consider the efficacy of lesser sanctions).  However, because defendants did not timely comply with the court's original order, plaintiff expended unnecessary resources to secure the records.  Under the circumstances, the court will impose monetary sanctions against the Unified Government of Wyandotte County Police Department for the reasonable attorney fees expended by plaintiff in moving for sanctions and participating in the January 22, 2013 conference.

**IT IS THEREFORE ORDERED** that plaintiff's motion for sanctions **(Doc. 143)** is **GRANTED IN PART**, consistent with the rulings herein.  The parties shall confer concerning a reasonable amount of attorney fees for plaintiff's time spent in moving for sanctions and the status conference.  If the parties are unable to agree, plaintiff shall file her request for reasonable attorney fees supported by an itemization of the time spent and counsel's reasonable hourly rate by **April 1, 2013.**  Defendants shall file any response to the requested fees by **April 11, 2013.**  No reply shall be filed unless otherwise ordered by the court.

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 20th day of March 2013.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge