# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NICOLETTE UTTER, Administrator of )
the Estate of CHRISTOPHER UTTER, )
                                                )
             **Plaintiff,**         )
                                                )
v.                                              )     Case No. 11-2360-KHV
                                                )
**DALLAS THOMPSON, et al.,**    )
                                                )
             **Defendants.**      )
                                                )

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motion for an order permitting ex parte communications with Christopher Utter's treating physicians and other healthcare providers. (**Doc. 167**.) Plaintiff opposes the motion and objects to ex parte interviews with Christopher's healthcare providers. (Doc. 185.) For the reasons set forth below, the motion shall be GRANTED IN PART.

## Background[1]

The parties acknowledge that in November 2012 this Court directed plaintiff to provide information to defendants regarding Christopher's healthcare for the past ten (10) years. (Doc. 128 at 7-8.) Plaintiff's deadline to provide that information and related

---

[1] The nature of Plaintiff's claims and the procedural history of the parties' discovery have been set forth in prior rulings and will not be repeated. *See, e.g,* Doc. 128.

authorizations was December 5, 2012. Plaintiff provided the authorization but specifically excluded defendants from engaging in ex parte communications with Christopher's treating physicians. Defendants now request permission to proceed with ex parte communications.

**Defendant's Motion for an Order Allowing**
**Ex Parte Communications (Doc. 167)**

The Court previously ruled that information regarding Christopher's mental health and substance abuse is relevant in the context of his damages claim. (Doc. 128 at 8.) Plaintiff complied with the defendants' discovery requests regarding identification and authorization regarding his healthcare providers. There is therefore no issue regarding the relevancy of the communications requested by Defendants.

The judges in this district have a well-established practice of allowing informal ex parte interviews of a party's treating physicians who are merely fact witnesses, as long as parties comply with the Health Insurance Portability and Accountability Act ("HIPAA") and its related regulations, including 45 C.F.R. § 164.512(e)(1)(i).[2]

Plaintiff objects to defendants' motion based on their non-compliance with D. Kan. Rule 37.1(b) regarding timeliness of discovery motions and Rule 37.2 regarding a party's duty to confer. The Court notes that defendants have had adequate time in

---

[2] This Court recently issued a similar ruling. *See Madrid v. Williams*, 2012 WL 2339829 (D. Kan. June 19, 2012) (including a lengthy list of citations to analogous rulings by other judges in this district).

which to request this relief during the months after the November 27, 2012 ruling. Although defendants inexplicably waited nearly four (4) months after receipt of plaintiff's limited authorization, the limited request for ex parte communication is not properly characterized as a motion to compel which would be subject to the requirements of Rules 37.1 and 37.2. Courts in this district have not required compliance with Rules 37.1 and 37.2 in the context of ex parte communications with physicians as fact witnesses. Such communications have been characterized as informal discovery and considered to be more convenient and less expensive for both witnesses and counsel. *See Lake v. Steeves*, 161 F.R.D. 441, 442 (D. Kan. 1994).

Plaintiff requests imposition of specific limitations on the communications with physicians. (Doc. 185 at 7.) Defendants do not object to requests (a), (b), (d), and (e) by plaintiffs. (Doc. 198 at 5.) With regard to request (a), the Court previously ruled on defendants' specific access to medical records. (Doc. 128 at 7-8.) With regard to request (b), given the previous rulings of this Court and plaintiff's agreement, any ex parte communications with treating providers will be limited to the relevant time period, determined to be the past ten (10) years.

Plaintiff urges that defendants' request for ex parte communications is too general, and she requests that defendants identify the names of all providers who may be contacted. (Doc. 185 at 7.) While not included in defendants' motion, specific providers were named in defendants' Third Supplemental Disclosures. (Doc. 167 at 3; Doc. 198 at

5.) However, the proposed order accompanying defendants' motion only lists multiple categories of providers and fails to identify Christopher's providers. Defendants shall provide a proposed order which specifies providers' names.[3]

It is the custom in this jurisdiction to require that treating physicians be specifically informed of their right to decline a request for ex parte communications.[4] Defendants' proposed order excludes any reference to such disclosure obligation. Defendants shall include the declination language in a revised proposed order.

Defendants object to plaintiff's request (c) that they inform plaintiff's counsel of the date, time and location of any ex parte communication prior to the communication(s). (Doc. 185 at 7.) The practice in this district is to deny requests for advance notice because the motion serves as sufficient advance notification.[5] The Court declines to deviate from this practice. Defendants are not required to provide plaintiff with advance notification of ex parte communications with healthcare providers.

Although defendants discuss and the Court's previous order noted the relevance of

---

[3] *Brigham v. Colyer, M.D.*, 2010 WL 2131967, *3 (D. Kan. May 27, 2010) (requiring the requesting party to provide a specific list of providers); *Spraggins v. Sumner Regional Medical Center*, 2010 WL 4568715, *3 (D. Kan. Nov. 3, 2010) (requiring the parties to prepare a properly limited Order to one or more named medical providers, along with a required warning that such contact is at the provider's discretion).

[4] *See Lake v. Steeves*, 161 F.R.D. 441, 443 (D. Kan. 1994) (ordering that the treating physicians must be informed of their right to decline to be privately interviewed and must be provided with a copy of the order allowing communication); *Spraggins*, 2010 WL 4568715, *3 (D. Kan. Nov. 3, 2010) (requiring a warning to providers that contact is at the providers' discretion and Plaintiff may not dissuade the provider from speaking with opposing counsel); *see also Bohannon v. J.M. Baker, D.O.*, 2006 WL 2927521, *2 (D. Kan. Oct. 13, 2006).

[5] *See Brigham v. Colyer*, 2010 WL 2131967 (D. Kan. May 27, 2010); *Sample v. Zancanelli Management Corp.,* 2008 WL 508726 (D. Kan. Feb. 21, 2008).

Christopher's substance abuse history, neither party addresses the requirements of 42 U.S.C. § 290dd-2. This statute provides for the disclosure of records involving substance abuse treatment programs conducted, regulated, or assisted by any department or agency of the United States.[6] Disclosure of those records is authorized only under certain circumstances.[7] Based on the briefing and the failure to discuss the statute, the Court cannot determine whether the statutory requirements have been met for disclosure of any information regarding substance abuse programs specifically conducted, regulated or assisted by an agency of the United States. The Court therefore denies any request for ex parte communications regarding federal substance abuse programs. Defendants' proposed order shall include the following provision:

> This Order does not provide for the disclosure of any information or medical records maintained in connection with any program relating to substance abuse education, prevention, training, treatment, rehabilitation or research, which are conducted, regulated, or directly or indirectly assisted by any department or agency of the United States, and which are covered by the provisions of 42 U.S.C. §290dd-2 and 42 C.F.R., Part 2.

**IT IS THEREFORE ORDERED** that defendants' motion (**Doc. 167**) is **GRANTED IN PART**, consistent with the rulings herein. Defendants shall provide a proposed order for the Court's review no later than June 14, 2013. The order shall identify specific providers; explain the disclosure obligations to the health care providers, including

---

[6] 42 U.S.C. § 290dd-2(a).
[7] 42 U.S.C. § 290dd-2(b).

the required warning that such contact is at the provider's discretion; and incorporate the statutory language from 42 U.S.C.§ 290dd-2.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 7th day of June 2013.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge